23-63-cv
*Singh v. Mem'l Sloan Kettering Cancer Ctr., et al.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of October, two thousand twenty-four.

PRESENT:  DENNIS JACOBS,
SARAH A. L. MERRIAM,
*Circuit Judges*,
JOHN P. CRONAN,
*District Judge*.[*]

_____

MANISHA SINGH,

*Plaintiff-Appellant*,

v.                                                          23-63-cv

MEMORIAL SLOAN KETTERING
CANCER CENTER; SLOAN
KETTERING INSTITUTE FOR
CANCER RESEARCH; DR. N.V.
KISHORE PILLARSETTY;

_____

[*] Judge John P. Cronan of the United States District Court for the Southern District of New York, sitting by designation.

MD STEVEN M. LARSON,

    *Defendants-Appellees*.

_____

FOR PLAINTIFF-APPELLANT:               MANISHA SINGH, proceeding *pro se*, New York, NY.

FOR DEFENDANTS-APPELLEES:          TERRI LYNN CHASE, Jones Day, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Daniels, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the December 21, 2022, judgment of the District Ccourt is **AFFIRMED**.

Appellant Manisha Singh sued her former employer, Memorial Sloan Kettering Cancer Center ("MSKCC"), and others associated with MSKCC, for "unlawful discrimination on the basis of sex, including *quid pro quo* sexual harassment, hostile work environment, disparate treatment and unlawful retaliation" under Title VII of the Civil Rights Act of 1964, New York state law, and the New York City Human Rights Law. App'x at 59. She also brought "common law tort claims including civil battery, defamation *per se* and intentional and negligent infliction of emotional distress." App'x at 60. Specifically, Singh alleged that her direct supervisor, Dr. N.V. Kishore Pillarsetty, engaged in a pattern of harassment and discrimination against her and, when she reported this, defendants retaliated against her by terminating her employment. *See id.*

2

After some counts were resolved in favor of defendants and others were voluntarily withdrawn by Singh, the matter proceeded to trial before a jury. The jury returned a verdict for defendants on all but one claim; the jury found for Singh on her claim that Pillarsetty had "intentionally committed battery by making offensive bodily contact with plaintiff without her consent" and that he had done so "wantonly and maliciously." App'x at 1593-94. The jury awarded Singh $50,000 in compensatory damages and $200,000 in punitive damages on that claim.

Singh moved for a new trial *only* with respect to the amount of compensatory damages awarded on her battery claim; she did not move for a new trial on any of the claims on which the jury found for defendants. *See* App'x at 1596-97 (motion for new trial limited to question of compensatory damages award). The District Court denied the motion, finding that there were "several plausible and rational explanations for the verdict reached by the jury." *Singh v. Mem'l Sloan Kettering Cancer Ctr.*, No. 1:17CV03935(GBD), 2022 WL 17669386, at *4 (S.D.N.Y. Dec. 14, 2022).

Singh, who was represented by counsel at trial and on post-trial motions, proceeds *pro se* on appeal. She challenges the denial of her request for a new trial on damages, and also asserts for the first time on appeal that she should have received a new trial on the issues of sexual harassment and retaliation, and that the District Court should have found MSKCC liable for battery, based on the jury's finding that Pillarsetty had committed battery. We assume the parties' familiarity with the remaining facts, the procedural

history, and the issues on appeal, which we recite here only as necessary to explain our decision to affirm.

## I.      Motion for New Trial on Compensatory Damages

We begin by addressing the only issue raised by Singh in the District Court that she pursues on appeal: that she was entitled to a new trial on the adequacy of the compensatory damages award on her civil battery claim. We review the denial of a Rule 59 motion for a new trial for abuse of discretion. *See Mirlis v. Greer*, 952 F.3d 36, 48 (2d Cir. 2020). A district court may order a new trial under Rule 59(a) only if "it is convinced that the jury . . . reached a seriously erroneous result or that the verdict is a miscarriage of justice." *Ali v. Kipp*, 891 F.3d 59, 64 (2d Cir. 2018) (citation and quotation marks omitted). "A party appealing a district court's denial of a Rule 59 motion because of a seemingly insufficient damages award in light of a liability verdict bears a heavy burden." *Id.* When a party points to "an apparent inconsistency" in a jury verdict, "we must adopt a view of the case, if there is one, that resolves any seeming inconsistency, making every attempt to reconcile the jury's findings." *Id.* at 65 (citation and quotation marks omitted).

We find no abuse of discretion in the District Court's denial of the motion for new trial. The District Court carefully evaluated the evidence, identifying several plausible explanations for the jury's decision to award $50,000 in compensatory damages. For example, the District Court noted that the jury might have credited Singh's testimony about the unwanted touching, but not her uncorroborated claims about its sexual nature or

4

extent. *See Singh*, 2022 WL 17669386, at *3-4. The District Court also considered precedent, finding that the award in this case was "comparable to the size of awards granted in cases involving very similar claims," and that cases cited by Singh in which juries had awarded higher damages had generally involved "more harm than emotional distress alone." *Id.* at *4.

The District Court did not abuse its discretion in concluding that, based on the trial evidence and relevant cases, the jury's compensatory award to Singh was reasonable. Accordingly, we affirm the denial of Singh's motion for a new trial.

## II. Other Issues Raised on Appeal

Singh contends that she is also entitled to a new trial on some of the claims on which the jury found for defendants. As she concedes in her reply brief, we ordinarily do not address on appeal, in the first instance, matters that could have been, but were not, raised before the district court. "It is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." *Red Tree Invs., LLC v. Petróleos de Venezuela, S.A.*, 82 F.4th 161, 174 (2d Cir. 2023) (alteration and citation omitted). We may find an argument forfeited where, as here, an appellant failed to present it to the district court for review in the first instance. *See id.* Singh, through counsel, filed a lengthy motion for new trial limited strictly to the question of compensatory damages on the civil battery claim, and a memorandum in reply to defendants' opposition. The motion papers discussed Singh's allegations of harassment at length but made no claim that the jury's verdict for defendants on the harassment claim

5

was wrong. *See generally* App'x at 1596-1623. Her reply memorandum *expressly* acknowledged that "plaintiff may not have sufficiently established that Pillarsetty took adverse employment action or retaliated against her in response to her complaints about his sexual advances." *Singh v. Mem'l Sloan Kettering Cancer Ctr.*, No. 1:17CV03935(GBD), Doc. #242 at 5 (S.D.N.Y. Oct. 11, 2022). In these circumstances, Singh has forfeited any argument that she was entitled to a new trial on her other claims.

We have the "discretion to entertain new arguments where necessary to avoid a manifest injustice or where the argument presents a question of law and there is no need for additional fact-finding," but we normally will not exercise that discretion "where those arguments were available to the parties below and they proffer no reason for their failure to raise the arguments below." *Mhany Mgmt., Inc. v. Cnty. of Nassau*, 819 F.3d 581, 615 (2d Cir. 2016) (citations and quotation marks omitted). Singh offers no explanation for the failure to raise these arguments below, and we do not believe any manifest injustice would result if we decline to consider them for the first time on appeal.

Furthermore, Singh challenges the retaliation and harassment verdicts only on the ground that she believes the trial evidence was sufficient to support a verdict in her favor, rather than in defendants' favor. *See, e.g.*, Appellant's Br. at 44 ("[T]he jury erred in not finding Appellee liable for sexual harassment and retaliation. There was a plethora of evidence showing that Appellant endured relentless, wanton, and malicious offensive touching by the Appellee in the form of sexual harassment, during her employment."). Indeed, Singh summarizes the relief she seeks on appeal as follows: "Appellant seeks

6

judgment as a matter of law on the ground that the evidence introduced at trial did not support the jury's findings." Appellant's Br. at 48. This is a weight-of-the-evidence argument. Even if Singh had properly raised such an argument in a motion for a new trial at the District Court, "a district court's denial of a motion for new trial on weight-of-the-evidence grounds is not reviewable on appeal." *Rasanen v. Doe*, 723 F.3d 325, 330 (2d Cir. 2013).

Accordingly, we decline to consider Singh's arguments regarding the weight of the evidence for the first time on appeal.

\* \* \*

We have considered Singh's remaining arguments and find them to be without merit.[1] Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

---

[1] We have also considered Singh's letter filed April 25, 2024, in which she "demand[s] restitution for the egregious injustices perpetrated against" her by MSKCC, which she contends "have not only irreparably damaged my professional reputation and personal well-being but have also thwarted my lifelong dedication to cancer research." Appellant's Letter, *Singh v. Mem'l Sloan Kettering Cancer Ctr.*, No. 23-63, Doc. #184 at 4 (2d Cir. Apr. 25, 2024). To the extent this letter should be construed as a motion for independent relief, it is **DENIED**.